UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TED STONE                                                                                    PLAINTIFF

v.                                                                             Civil No. 4:18-cv-00100-GHD-DAS

PELICIA HALL, *et al.*                                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on defendant Brad Huffman's motion for summary judgment, Doc. 72; defendants Pelicia Hall and Sonja Stancial's motion for summary judgment, Doc.79; and defendant Willie Knighten's motion for summary judgment, Doc. 83. For the reasons set forth below, Huffman, Hall, and Stancial's motions are denied as moot, and Knighten's motion is granted.

### I. Background

In this § 1983 action, Plaintiff Ted Stone, a former inmate at the Mississippi State Penitentiary at Parchman ("MSP"), sues various individuals for constitutional injuries he maintains they inflicted upon him.[1]

### A. Brad Huffman

Brad Huffman is the Warden of the Chickasaw County Correction Facility ("CCCF"), where Stone was previously incarcerated. According to the complaint, Stone was incarcerated at CCCF from June 2014 to December 2014. Stone alleges that in December 2014, he threatened to file an official complaint against Huffman for obstructing his mail. Stone claims that, in retaliation for this threat, Huffman transferred Stone to MSP.

In March 2018, Stone discovered he had not been in trusty status when he arrived at CCCF in June 2014. Stone believed this to be in error, and so he wrote Huffman a letter

---

[1] The Court previously dismissed several claims brought by Stone, after holding a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). *See* Order, Doc. 50.

1

notifying him of the problem, and threatening legal action against Huffman if the issue was not fixed. According to Stone, Huffman retroactively granted Stone trusty status beginning on June 27, 2014, but also retroactively terminated his trusty status from December 29, 2014. Stone asserts that he should have remained on trusty status from that date onward and that he did not receive certain trusty earned time credit that he should have earned.

Stone asserts that Huffman retaliated against him in violation of his First Amendment rights by transferring him in 2014 and by retroactively removing his trusty status in 2018. Stone seeks injunctive relief, asking this Court to compel Huffman to void his order removing Stone from trusty status on December 29, 2014. He also asks for declaratory relief that Huffman is not immune from money damages.

### B. Pelicia Hall and Sonja Stancial

Pelicia Hall is the Commissioner of the Mississippi Department of Corrections. Sonja Stancial is the warden of Units 25 and 26 at MSP. Stone alleges that Stancial repeatedly placed Unit 26, where Stone resided, on lockdowns that were "frivolous." Stone states that when he complained about the lockdowns, Stancial transferred Stone to Unit 25 in retaliation.

Stone alleges that the conditions in Unit 25 were unconstitutional. He asserts that he had no mat for his bunk, that there was no hot water, that there was standing sewage in the bathroom, that bare wires hung from the walls, that the drinking water was contaminated, that kitchen staff refused to provide him with a medically-ordered "lay-in" tray, that there was no generator to provide power during blackouts, and that the cell was so overcrowded that he could not maneuver his walker between bunks.

Stone asserts that Stancial violated his First Amendment rights by transferring him to Unit 25 in retaliation for his complaints about the conditions of Unit 26, and that the conditions in Unit 25 amount to cruel and unusual punishment in violation of the Fifth Amendment. He seeks injunctive relief against Hall and Stancial, requesting that they fix the

conditions in Unit 25 and transfer him back to Unit 26. He also seeks a declaratory judgment that they are not immune from damages.

### C. Willie Knighten

Willie Knighten is an employee of a contractor that provides medical services to inmates at MSP. Stone asserts that he suffers from severe migraines and knee pain. Stone asserts that Knighten has refused to provide him a supply of 100 Excedrin tablets or crutches that Stone claims are medically necessary to treat that pain. Stone also claims the MDOC medical staff continuously refused to provide him with dental care. As a result, Stone claims, he has lost most of his teeth, and suffers from dental pain and ringing in his ears. Stone claims that MDOC's failure to provide him with medicine, crutches, and dental care amounts to a deliberate indifference and violates the Eight Amendment and that Knighten should be held liable. Stone seeks injunctive relief in the form of an order compelling the MDOC to provide him 100 Excedrin per month, crutches, and medical treatment by the health care provider of his choosing. Stone also seeks compensatory damages.

## II. Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is

material only if 'its resolution could affect the outcome of the action'." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## III. Analysis

### A. Claims for Injunctive and Declaratory Relief

The great majority of relief that Stone seeks is injunctive and declaratory. Against Huffman he seeks an order compelling Huffman to vacate his previous decision to remove Stone's trusty status and declaratory relief that Huffman is not immune from damages; against Knighten he seeks an order compelling the MDOC to provide him with a certain amount of Excedrin per month, crutches for the duration of his imprisonment, and medical treatment from a health care provider of his choosing; and against Hall and Stancial he seeks an order compelling them to provide him with a sleeping mat, a lay-in tray, and a return to Unit 26, and declaratory relief that they are not immune to damages.

In his response to the defendants' motions for summary judgment, Stone states that he is no longer incarcerated with the MDOC. Therefore, the majority of his requests for injunctive relief are now moot. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all states of review, not merely at the time the complaint is filed.'") (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)); *Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001)(finding prisoner's suit challenging conditions of confinement became moot when plaintiff was transferred to a different facility.)

Further, Stone cannot seek a declaratory judgement that Huffman, Hall, and Stancial are immune from money damages. Article III of the Constitution provides that federal courts may decide only actual "cases" or "controversies." U.S. Const. Art. III, § 2. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S. C. § 2201(a). The Supreme Court has held that, generally, an appropriate action for declaratory relief *can* be a case or controversy under Article III." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604 (2007) (emphasis in original). But still the facts of the case must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

Stone contends in his response to Hall and Stancial's motion that he was actually seeking money damages against Hall and Stancial.. Though now represented by an attorney, when Stone filed his complaint he was *pro se*. A court should construe a *pro se* party's pleadings liberally. Nonetheless, when speaking of his claims against Huffman, Stone stated that "[W]hile I am not now asking for monetary damages, I do ask the Court to rule

5

on that issue [of immunity] .... I also ask the Court for a declaratory judgment that Huffman is not immune from monetary damages." Compl. at 14. It is clear that even though Stone was *pro se* when he filed his complaint, he understood that declaratory relief was distinct from monetary damages. Against Huffman, Hall, Stancial, it is clear that Stone is only seeking injunctive and declaratory relief. Compl. at 14, 37.

If Stone is not seeking monetary damages from Huffman, Hall, or Stancial then there is no dispute as to whether they are immune from them. The Court does not find there to be any "sufficient immediacy" to decide that matter now. If Stone wishes to bring a suit for money damages against these defendants, he may do so, and that is the most appropriate time to decide the issue of immunity.

### B. Claims for Monetary Damages

That leaves only the claims against Knighten for compensatory damages from the alleged denial of medical care. To establish that Knighten violated the Eighth Amendment, Stone must show that Knighten acted with deliberate indifference. This is a high bar. The Fifth Circuit has said:

> A prison official acts with deliberate indifference only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it. Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Deliberate indifference is an extremely high standard to meet.

*Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations and citations omitted).

Stone cannot show that Knighten was deliberately indifferent to his medical needs. First, Stone admits that Knighten was not personally involved in his medical treatment. Compl. at 18. Rather, he sues Knighten because Stone filed administrative grievances concerning his treatment and Knighten denied them. *Id.* Other federal courts in this state have dismissed claims against prison medical officials whose "only involvement was to review Plaintiff's administrative grievance." *Hutchins v. Walker*, 2009 WL 3426797, at *2 (S.D. Miss. Oct. 23, 2009); *Scott v. Mgmt. Training Corp.*, No. 5:18-CV-44-MTP, 2019 WL 1552294, at *2 (S.D. Miss. Feb. 12, 2019) (granting summary judgment on Eighth Amendment medical care claim where the physician "never treated Plaintiff but only replied to an ARP grievance.").

Stone claims that Knighten may be held liable under a supervisory-liability claim. To establish a supervisory-liability claim, Stone must show that Knighten failed to train those under her supervision and that that failure "reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998). To do so Stone must show Knighten was aware of a problem by providing evidence of a "pattern of similar constitutional violations by untrained employees . . . ." *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1360–61, 179 L.Ed.2d 417 (2011).

Stone's claim fails on this ground as well. First, Stone has provided no evidence that would show that Knighten has supervisory authority over other MDOC medical personnel at MSP. Knighten is an employee of a contractor that provides services for inmates at MSP. Stone sues Knighten only because she signed the denials of his administrative grievance forms. That is evidence that she reviewed his grievances. But that is not evidence that Knighten is responsible for setting policy or training MSP medical staff.

Second, even if Knighten were the appropriate official, Stone does not provide evidence of other, similar constitutional violations that occurred under Knighten's watch.

Stone has provided not a single record instance where a constitutional violation occurred under employees in Knighten's control.

Nor has Stone show evidence that anyone under Knighten's charge was deliberately indifferent to Stone. Many of Stone's allegations regarding his dental care occurred non-MSP facilities. Even if Knighten directed medical staff at MSP, Stone has not provided evidence that she had control over medical staff at other facilities. With respect to his pain treatment, Stone fails to show evidence that the physicians who did treat him were deliberately indifferent. Stone suffers from knee pain and migraines. For this pain, MDOC prescribed him Excedrin and a wheeled walker. Stone disagrees with this treatment—he claims he needed even more Excedrin and crutches rather than a walker. But a prisoner's mere disagreement with what his doctors have prescribed is not deliberate indifference. *Gobert*, 463 F.3d at 346.

Stone complains that the medical care he received was inadequate. However, the evidence he has presented (or lack therefore) could not show that Knighten was deliberately indifferent. *See Baughman v. Garcia*, 254 F. Supp. 3d 848, 882 (S.D. Tex. 2017), *aff'd sub nom. Baughman v. Seale*, 761 F. App'x 371 (5th Cir. 2019) (finding that evidence of plaintiff's own "deficient care" was insufficient to establish supervisory officials acted deliberate indifference.) Knighten is entitled to summary judgment on Stone's claims.

## IV. Conclusion

For these reasons, the Court finds that Stone's claims for injunctive relief are moot and his claims for declaratory relief do not constitute a controversy within this Court's jurisdiction. Therefore, the Court dismisses his claims for injunctive relief as moot, dismisses his claims for declaratory relief for lack of jurisdiction, and denies Huffman, Hall, and Stancial's motions as moot. Further, the Court finds that there is no genuine issue of material fact concerning Stone's claims for inadequate medical care, and that Willie Knighten is entitled to judgment in her favor as a result.

An order in accordance with this opinion shall issue.

This, the 23rd day of August 2019.

/s/ Sen H. Davidson
SENIOR U.S. DISTRICT JUDGE